RECEIVED
MAR 1 6 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| DARRYL HOWARD | CIVIL ACTION NO. 05-1896-P |
| VERSUS | JUDGE HICKS |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Darryl Howard ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this Court on October 31, 2005. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. Petitioner names Warden Burl Cain as respondent.

On January 14, 1998, Petitioner was convicted of one count of aggravated rape, one count of second degree kidnapping and one count of aggravated burglary in Louisiana's Eleventh Judicial District Court, Parish of DeSoto. On June 5, 1998, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence as to the aggravated rape conviction, 40 years imprisonment without benefit of parole, probation or suspension of sentence as to the second degree kidnapping conviction and 20 years

imprisonment as to the aggravated burglary conviction.

In support of this petition, Petitioner, an African-American, alleges (1) there was racial discrimination in the grand jury selection process, (2) he was convicted of a charge which was stricken from the indictment, (3) he received ineffective assistance of counsel, and (4) he was not present during all of the voir dire examinations.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

On January 14, 1998, Petitioner was convicted of one count of aggravated rape, one count of second degree kidnapping and one count of aggravated burglary in Louisiana's Eleventh Judicial District Court, Parish of DeSoto. On June 5, 1998, he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence as to the aggravated rape conviction, 40 years imprisonment without benefit of parole, probation or suspension of sentence as to the second degree kidnapping conviction and 20 years imprisonment as to the aggravated burglary conviction. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence on August 18, 1999 and denied his application for rehearing on September 16, 1999. State v. Howard, 31,807 (La. App. 2 Cir.

8/18/99), 746 So.2d 49, rehearing denied, (9/16/99). The Supreme Court of Louisiana denied writs of review on May 5, 2000. State v. Howard, 1999-2960 (La. 5/5/00), 760 So.2d 1190. Most federal courts have interpreted Section 2244(d)(1)(A) to provide that the state court judgment is nonetheless not final for habeas purposes until the ninety-day period for filing a writ of certiorari to the United States Supreme Court has run. See United States v. DeTella, 6 F. Supp.2d 780, 781 (N.D. Ill. 1998) (rev'd on other grounds); Alexander v. Keane, 991 F. Supp. 329, n.2 (S.D.N.Y. 1998); United States v. Schomig, 1999 WL 1044176 at *4 (N.D. Ill. 1999). See also Caspari v. Bohlen, 114 S. Ct. 948, 953-54 (1994). The Fifth Circuit has said the same in what appears to be dicta. See Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999). Therefore, Petitioner's one-year period commenced ninety days after May 5, 2000 on August 3, 2000.

The federal petition currently before the Court was filed in this Court on October 31, 2005 and mailed on October 28, 2005. Since the federal clock began ticking on August 3, 2000, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before August 3, 2001. This petition was not filed until October 2005 at the earliest, more than four years too late.

In addition, the post-conviction proceedings initiated by Petitioner in September 2002 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief on June 17, 2005. State ex rel. Howard v. State, 2004-2460

(La. 6/17/05), 904 So.2d 690. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until September 2002, more than one year after the limitation period had already expired in August 2001.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 16 day of March 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE